OPINION
{¶ 1} Defendant-appellant, Donald Smith, was charged with five counts of felony rape of a person under the age of thirteen in violation of R.C. 2907.02(A)(1)(b). After entering a plea of guilty, Smith was sentenced as follows:
 {¶ 2} "[Smith] shall serve a prison term of five years on each count * * *. The sentences of imprisonment imposed in Counts I, II and III should be served concurrently with each other and Counts IV and V shall be served concurrently with each other and consecutively to Counts I, II and III for a total of ten years." Smith was also classified a sexually-oriented offender.
 {¶ 3} Smith appeals his sentence. He contends that the trial court improperly relied upon judicial factfinding to support the imposition of more than the minimum sentence possible for the offenses. He further claims that the trial court failed to make the appropriate findings necessary for running the sentences concurrently.
 {¶ 4} Smith's first Assignment of Error states:
 {¶ 5} "THE TRIAL COURT'S IMPOSITION OF PRISON TERMS IN EXCESS OF THE MINIMUM VIOLATED APPELLANT'S CONSTITUTIONAL RIGHT TO PROOF BEYOND A REASONABLE DOUBT AND A JURY TRIAL (UNITED STATES CONSTITUTION AMENDMENTS V, VI AND XIV) BECAUSE THE FACTORS USED TO SUPPORT THAT SENTENCE WERE NEITHER ADMITTED NOR FOUND TRUE BY A JURY."
 {¶ 6} Smith contends that his sentence violates the United States Supreme Court's decision in Blakely v. Washington
(2004), 542 U.S. 296 because the imposition of prison terms in excess of the minimum sentence possible was predicated upon judicially determined facts rather than upon the findings of a jury.
 {¶ 7} The Ohio Supreme Court, in State v. Foster, ___ Ohio St. 3d ___, 2006-Ohio-856 has held that certain provisions of Ohio's felony sentencing scheme, including R.C. 2929.14(B), which governs the imposition of more than minimum prison terms, violateBlakely. Specifically, the court held that because a trial court is not authorized to exceed the shortest prison term under R.C. 2929.14(B) unless it makes additional findings, and "since a jury verdict alone does not determine the sentence, R.C.2929.14(B) violates Blakely principles." Foster at ¶ 61. The court then severed R.C. 2929.14(B) from the sentencing statutes based on its finding that Blakely rendered it unconstitutional. Id. at ¶ 97. As a result, a trial court is no longer obligated to give reasons or findings prior to imposing more than the minimum sentence. Id. at ¶ 99. The holding in Foster is applicable only to cases pending on direct review. Those cases must be remanded to trial courts for new sentencing hearings not inconsistent with this opinion. Id. at ¶ 104.
 {¶ 8} We find Smith's argument well-taken. Smith is therefore entitled to a new sentencing hearing at which the trial court must consider those portions of the sentencing code that are unaffected by the Foster decision and impose any sentence within the appropriate felony range.
 {¶ 9} The first Assignment of Error is sustained.
 {¶ 10} Smith's second Assignment of Error is:
 {¶ 11} "THE SENTENCE IMPOSED ON APPELLANT WAS CONTRARY TO LAW."
 {¶ 12} Smith contends that the trial court failed to make the findings necessary for the imposition of consecutive sentences.
 {¶ 13} Given our disposition of the first Assignment of Error, we need not address this argument as it is rendered moot.
 {¶ 14} Smith's first Assignment of Error is sustained and his second Assignment of Error is overruled as moot.
 {¶ 15} Thus, in accordance with Foster, we vacate and remand Smith's sentence for a new sentencing hearing.
Brogan, J., and Wolff, J., concur.
(Hon. George Glasser, retired from the Sixth Appellate District, sitting by assignment of the Chief Justice of the Supreme Court of Ohio).